■ In the Matter of the Claim of JOSEPH ARICO, Respondent, v. ADAM GALLUCCI CONSTRUCTION Co. et al., Appellants, and NICODEMO DELFORTE, Doing Business as NIAGARA GRILL, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal from a decision of the Workmen's Compensation Board holding appellants solely responsible for compensation benefits and medical payments due claimant for the period August 8, 1967 to December 12, 1967. On June 22, 1966 claimant suffered a compensable injury to his back while in the employment of respondent Delforte. After recovery from surgery claimant began light construction work for appellant Gallucci. On August 8, 1967, while working for Gallucci pulling a plumb line, claimant again injured his back requiring surgery and resulting in temporary total disability until claimant was able to return to work on December 12, 1967. The sole issue raised on this appeal is the correctness of the board's holding that Gallucci was solely responsible for the medical treatment rendered and benefits awarded during the period of claimant's disability. Of course, this issue is factual and thus the board's decision must be upheld if it is supported by substantial evidence (Workmen's Compensation Law, § 23). However, in the instant record there is not only no testimony either by the medical experts or the claimant which states directly, or from which it can be inferred, that the second accident was solely responsible for the disability for the period in question but every expert who testified in relation to this issue stated that the first accident was at least partially responsible for the disability. Accordingly, the board's decision cannot stand, and the matter must be returned to the board to determine the apportionment between Gallucci and Delforte. Decision reversed and claim remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellants against respondents employer and carrier. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum by Reynolds, J.